[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Frank v. Clermont Cty. Prosecutor*, Slip Opinion No. 2021-Ohio-623.]

<u>NOTICE</u>

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-623

THE STATE EX REL. FRANK *v.* CLERMONT COUNTY PROSECUTOR.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Frank v. Clermont Cty. Prosecutor*, Slip Opinion No. 2021-Ohio-623.]**

*Mandamus—Public Records Act—A public-records mandamus claim generally becomes moot when a public office provides the requested documents—A public office may establish by affidavit that all existing public records have been provided—Writ denied.*

(No. 2019-0518—Submitted January 26, 2021—Decided March 9, 2021.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} In this original action, relator, Andrew Frank, seeks a writ of mandamus to compel the production of public records from respondent, the Clermont County prosecuting attorney ("the prosecutor").  For the reasons set forth

below, we deny the writ of mandamus. We also deny Frank's request for awards of attorney fees, statutory damages, and court costs.

## I. Background

**{¶ 2}** On March 9, 2018, the prosecutor sent a grand-jury subpoena to the Ohio State University Office of Student Life/Student Conduct ("OSU"), seeking any disciplinary records relating to Frank. On March 21, OSU wrote back to the prosecutor, stating:

> This letter is in response to the subpoena issued in the above referenced case to The Ohio State University-Student Life. Enclosed with this letter you will find the responsive documents available saved on the enclosed flash drive.

**{¶ 3}** On February 22, 2019, attorney Kevin L. Murphy sent a public-records request to the prosecutor, requesting copies of "(1) any correspondence with Ohio State University ('OSU') relating to Andrew Frank and (2) any documents provided to OSU relating to Andrew Frank." (Footnotes omitted.) The letter did not state that Murphy was making the request on Frank's behalf.

**{¶ 4}** On February 25, the prosecutor responded to Murphy's public-records request by providing one document: the letter from OSU quoted above. The prosecutor's cover letter stated, "To the best of our knowledge, our office is not in possession of any other public records that are responsive to your request."

**{¶ 5}** The next day, Murphy sent a follow-up e-mail to the prosecutor, stating: "The letter you provided also references a subpoena and a flash drive of documents but neither of those were provided. Please provide those as well." The prosecutor refused to provide the subpoena and the flash-drive documents, stating that they "relate to grand jury proceedings" and were therefore exempt from the Public Records Act by R.C. 149.43(A)(1)(v) and Crim.R. 6(E).

**{¶ 6}** In response to another follow-up inquiry from Murphy, the prosecutor sent an e-mail to Murphy, stating:

> We have again reviewed our files. Our files show there are no public records responsive to Mr. Murphy's request for a subpoena and flash drive documents relating to Andrew Frank. This does not preclude the possibility of unlisted arrests, expunged/sealed records or criminal investigation information with this or other departments.

And in a second e-mail to yet another follow-up inquiry from Murphy, the prosecutor indicated that his "response remain[ed] the same." In that e-mail, dated April 8, the prosecutor hinted that Murphy "may wish to consider O.R.C. 2743.75 'Action for denial of access to public records' to pursue [his] public records request, prior to filing a mandamus action."

**{¶ 7}** On April 11, 2019, Frank filed this original action seeking a writ of mandamus, and he attached to the complaint an e-mail from OSU to Frank, dated November 16, 2018, in which an OSU employee wrote: "There is no email exchanges between the prosecutor's office and [OSU]. [A] director [from OSU] spoke on the phone with the prosecutor and [he] mailed *the packet of information* over to us." (Emphasis added.) Based on that letter, Frank's prayer for relief requests four specific items: (1) "the 'packet of information' sent to OSU and any correspondence relating to that transmittal," (2) statutory damages, (3) court costs, and (4) attorney fees.

**{¶ 8}** According to the prosecutor, he did not learn that Murphy was representing Frank until the complaint in this case was filed. On May 10, the prosecutor informed Murphy that his office would treat the complaint as a written request to inspect and receive sealed records pursuant to R.C. 2953.32 and 2953.53.

On that basis, the prosecutor indicated that he was "prepared to deliver the records [Murphy had] requested."

{¶ 9} On May 20, 2019, the prosecutor provided Murphy the records that had been sent to OSU, thereby mooting the primary claim in Frank's mandamus complaint. In the May 20 cover letter, the prosecutor told Murphy that the office was not in possession of any additional correspondence or e-mails between the prosecutor and OSU. However, just over one week later, on May 28, the prosecutor located two additional records. The prosecutor sent those records to Murphy, noting in a letter that the records would "supplement the previous responses to [Murphy's] public records request." The first record was an e-mail from the prosecutor's office to OSU dated March 7, 2018, with the subject line "test." The second record, also dated March 7, 2018, was the cover letter for the subpoena the prosecutor sent to OSU.

{¶ 10} On March 18, 2020, the prosecutor sent additional records to Murphy: the actual subpoena that the prosecutor had issued to OSU, as well as the flash-drive documents that OSU had provided to the prosecutor in response to that subpoena. Based on that final production, the prosecutor attests that his office has now "provided all documentation in its possession responsive to the public records request of Kevin L. Murphy and the application to inspect records by Andrew Frank."

{¶ 11} On July 30, 2020, we granted an alternative writ and ordered the parties to submit evidence and file briefs in accordance with S.Ct.Prac.R. 12.05. 159 Ohio St.3d 1424, 2020-Ohio-3473, 148 N.E.3d 570.

## II. Legal analysis

{¶ 12} In his merit brief, Frank asserts that a writ of mandamus is necessary to compel the prosecutor to produce any additional responsive records that may exist. And he claims to be entitled to awards of statutory damages, court costs, and attorney fees.

*A. Mandamus*

**{¶ 13}** The Public Records Act, R.C. 149.43, requires a public office to make copies of public records available to any person on request and within a reasonable period of time. R.C. 149.43(B)(1). Mandamus is an appropriate remedy by which to compel compliance with the Public Records Act. R.C. 149.43(C)(1)(b); *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6.

**{¶ 14}** In his initial letter to the prosecutor, Murphy made two requests. First, he asked for all correspondence between the prosecutor and OSU relating to Frank, which the prosecutor represents has all been produced. Second, he asked for the documents the prosecutor gave to OSU, which have also now been provided. In a subsequent request, he asked for the subpoena and the flash-drive documents. The prosecutor initially objected to this request, but eventually relented. The prosecutor now attests that he "has provided all documentation in [his] possession responsive to the public records request of Kevin L. Murphy and the application to inspect records by Andrew Frank."

**{¶ 15}** A public-records mandamus claim generally becomes moot when the public office provides the requested documents. *See State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 22. A public office may establish by affidavit that all existing public records have been provided. *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 15. The attestations in an affidavit may be rebutted by clear and convincing evidence showing a genuine issue of fact that additional responsive records exist. *See State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 26.

**{¶ 16}** Frank has not rebutted the prosecutor's attestations. Instead, Frank argues that a writ of mandamus should issue because the prosecutor has previously "lied" about the documents in his possession. But as we explain in the next section,

the record does not support this claim. Moreover, Frank has failed to set forth clear and convincing evidence that the prosecutor is currently withholding responsive documents. For this reason, we deny the writ of mandamus.

### B. Attorney fees, statutory damages, and court costs

{¶ 17} The Public Records Act provides for awards of attorney fees, statutory damages, and court costs under certain circumstances. A court may award attorney fees if it determines that the public office "acted in bad faith when [it] voluntarily made the public records available to the relator for the first time after the relator commenced the mandamus action, but before the court issued any order concluding whether or not" to grant a writ of mandamus. R.C. 149.43(C)(3)(b)(iii). That same bad-faith determination will also support an award of court costs. R.C. 149.43(C)(3)(a)(ii). And a person requesting public records "shall" be entitled to recover an award of statutory damages "if a court determines that the public office or the person responsible for the public records failed to comply with an obligation in accordance with [R.C. 149.43(B)]." R.C. 149.43(C)(2); *State ex rel. Rogers v. Dept. of Rehab. & Corr.*, 155 Ohio St.3d 545, 2018-Ohio-5111, 122 N.E.3d 1208, ¶ 23-30 (statutory damages awarded when court granted writ of mandamus to compel production of withheld documents); *State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 13, 2018-Ohio-5108, 123 N.E.3d 887, ¶ 22 (although the mandamus request was rendered moot because the public-records custodian produced all responsive records, statutory damages were still awarded because the public-records custodian took an unreasonable length of time to produce those records).

{¶ 18} Frank contends that the prosecutor's conduct throughout this process entitles him to awards of attorney fees, statutory damages, and court costs. Among other things, Frank accuses the prosecutor's repeated assertions that he possessed no responsive public records before producing the "test" e-mail were lies. Frank also accuses the prosecutor of engaging in bad faith by forcing Frank to litigate his

public-records claim in multiple forums to obtain the grand-jury subpoena.[1] Based on our review of the records in question, however, we conclude that they do not fall within the scope of the Public Records Act.

{¶ 19} The Public Records Act does not apply to "[r]ecords the release of which is prohibited by state or federal law." R.C. 149.43(A)(1)(v). R.C. 2953.52(A)(1) creates a mechanism whereby a person found not guilty of an offense may petition the court to seal the official records of the case. Sealed records "shall not be available to any person," unless a specific exception applies. R.C. 2953.53(D). Any unauthorized disclosure of confidential information subject to the sealing order is a fourth-degree misdemeanor. R.C. 2953.54(B). For this reason, "once * * * court records [are] sealed under R.C. 2953.52, they cease[] to be public records." *State ex rel. Cincinnati Enquirer v. Winkler*, 101 Ohio St.3d 382, 2004-Ohio-1581, 805 N.E.2d 1094, ¶ 6, *superseded by rule on other grounds as stated in State ex rel. Parisi v. Dayton Bar Assn. Certified Grievance Commt.*, 159 Ohio St.3d 211, 2019-Ohio-5157, 150 N.E.3d 43.

{¶ 20} "Official records," for purposes of R.C. 2953.52, means "all records that are possessed by any public office or agency that relate to a criminal case." R.C. 2953.51(D). The scope of this statute is broad. Emphasizing the words "all," "any," and "relate" in the statute, we have held that the definition of "official records" in R.C. 2953.51(D) "must be read to include each and every record possessed by every public office or agency that is connected to or has a nexus with the criminal case." *State v. S.R.*, 63 Ohio St.3d 590, 595, 589 N.E.2d 1319 (1992), *superseded by statute on other grounds as stated in In re Application to Seal Record of No Bill*, 131 Ohio App.3d 399, 402, 722 N.E.2d 602 (3d Dist.1999).

---

1. In his merit brief, Frank alleges that he was forced to file a "miscellaneous action in Clermont County," and that only after that litigation had concluded and the judgment was appealed to the Twelfth District Court of Appeals did the prosecutor finally produce the grand-jury subpoena. However, several pages seem to be missing from Murphy's affidavit that he submitted as evidence in this case, including the portions that allegedly address these facts.

{¶ 21} The evidence shows that when the prosecutor received a public-records request for sealed records, ostensibly from a third party (Murphy), he properly rejected it. At the same time, he carefully qualified his responses. In his March 21, 2019 e-mail, after stating that there were no responsive "public records" to Murphy's request, he added, "This does not preclude the possibility of unlisted arrests, expunged/sealed records or criminal investigation information with this or other departments." And in his April 8 e-mail, the prosecutor expressly suggested that Murphy "consider O.R.C. 2743.75 'Action for denial of access to public records' to pursue [the] public records request, prior to filing a mandamus action."

{¶ 22} Although sealed records are required to be kept confidential, R.C. 2953.53(D)(1) permits "the person who is the subject of the records" to review the records "upon written application." Once the prosecutor realized that Murphy was acting on behalf of Frank—the subject of the sealed records—the prosecutor treated Murphy's request as an R.C. 2953.53(D)(1) application, and produced the records.

{¶ 23} In sum, the prosecutor did not act in bad faith, withhold records subject to disclosure under the Public Records Act, or unreasonably delay producing the records. Because the prosecutor did not breach any obligation under the Public Records Act, we deny Frank's request for awards of attorney fees, statutory damages, and court costs.

### III. Conclusion

{¶ 24} Based on the foregoing, we deny the writ of mandamus, and we deny Frank's request for awards of attorney fees, statutory damages, and court costs.

Writ denied.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Murphy Landon Jones, P.L.L.C., and Kevin L. Murphy, for relator.

D. Vincent Faris, Clermont County Prosecuting Attorney, and G. Ernie Ramos Jr. and Jeannette E. Nichols, Assistant Prosecuting Attorneys, for respondent.

_____