[Cite as *State ex rel. Ware v. Walsh*, 2021-Ohio-4585.]

STATE OF OHIO   )     IN THE COURT OF APPEALS
        )ss:     NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

STATE OF OHIO EX REL. KIMANI
WARE

   Relator

             C.A. No.  30051

   v.

SHERRI BEVAN WALSH, et al.

             ORIGINAL ACTION IN MANDAMUS

   Respondents

Dated: December 29, 2021

PER CURIAM.

{¶1} Relator, Kimani Ware, has petitioned this Court for a writ of mandamus against Respondents, Summit County Prosecutor Sherri Bevan Walsh and the Summit County Prosecutor's Office. Mr. Ware seeks to compel Respondents to respond to his public records request. Additionally, he seeks an award of court costs and statutory damages based on Respondents' failure to promptly respond to his public records request. Respondents have filed an answer and have moved for summary judgment. Mr. Ware also has moved for summary judgment, and Respondents have filed a brief in opposition. For the following reasons, Respondents' motion for summary judgment is granted, and Mr. Ware's request for an award of costs and statutory damages is denied.

{¶2} According to Mr. Ware's complaint, in June 2020, he mailed a public records request to Respondents by certified mail. He requested personnel files for two individuals, a

serology report from his criminal case, his arrest report, and his direct indictment information sheet. He attached to his complaint copies of a certified mail receipt and a United States Postal Service Tracking sheet, purporting to show that an item was delivered to an individual at Respondents' address on June 8, 2020.

{¶3} In July 2021, after not receiving a response to his request, Mr. Ware filed this mandamus action pursuant to R.C. 149.43. Respondents filed an answer and a motion for summary judgment. According to the motion for summary judgment, Respondents only learned of Mr. Ware's public records request when he filed his complaint for a writ of mandamus. The employee tasked with responding to public records requests at the prosecutor's office sent a letter to Mr. Ware about three weeks after he filed his complaint. The letter indicated that Respondents had no record of Mr. Ware's request and became aware of it when he filed his complaint for a writ. The letter further indicated that the prosecutor's office was mailing Mr. Ware documents in response to two of his requests. As to his remaining requests, the letter explained why the prosecutor's office was not required to provide him with access to those items. Respondents later advised this Court through a notice of supplemental facts that the letter and documents they sent to Mr. Ware were returned due to an insufficient address. According to the notice, Respondents immediately resent the letter and documents to Mr. Ware upon receipt of the return envelope.

{¶4} In their motion for summary judgment, Respondents argue this matter is moot because they have already responded to Mr. Ware's request. Respondents further argue that an award of costs and statutory damages is unwarranted because they responded to the request as soon as they became aware of it. Respondents note that, on five prior occasions, they timely responded to other public records requests filed by Mr. Ware.

**{¶5}** In his motion for summary judgment, Mr. Ware argues that the undisputed evidence shows that Respondents took more than a year to respond to his public records request. He argues that the significant delay entitles him to costs and statutory damages under R.C. 149.43(C).

**{¶6}** To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

### Public Records and Mandamus Relief

**{¶7}** "[T]he threshold issue in public-records cases is whether R.C. 149.43 or Sup.R. 44 through 47 governs the request." *State ex rel. Parisi v. Dayton Bar Assn. Certified Grievance Committee*, 159 Ohio St.3d 211, 2019-Ohio-5157, ¶ 19. The Rules of Superintendence generally govern when "records requested are held by or were created for the judicial branch * * *." *Id.* at ¶ 21. If a party seeks to obtain judicial records through the Public Records Act when the Rules of Superintendence apply, then "the party is not entitled to a writ of mandamus * * *." *Id.* However, the Rules of Superintendence do not apply to requests for case documents in cases commenced before July 1, 2009. *State ex rel. Parker Bey v. Byrd*, 160 Ohio St.3d 141, 2020-Ohio-2766, ¶ 12.

{¶8} Mr. Ware seeks relief pursuant to the Public Records Act. As previously noted, he made a public records request for five items: the personnel files of two individuals, a serology report from his criminal case, his arrest report, and his direct indictment information sheet. The personnel files he requested were held by and created for the executive branch, i.e., the prosecutor's office. Accordingly, his request for those items was subject to the Public Records Act. *See State ex rel. Parisi* at ¶ 21 (Rules of Superintendence only apply if records requested are held by or created for the judicial branch). Regarding the serology report, arrest report, and direct indictment information sheet, Mr. Ware's request for those items was likewise subject to the Public Records Act. Because his criminal case commenced before July 1, 2009, the Rules of Superintendence were inapplicable to his request. *See State ex rel. Ware v. Giavasis*, 163 Ohio St.3d 359, 2020-Ohio-5453, ¶ 18.

### Personnel Files

{¶9} "A person who is denied access to a public record may seek to compel its production through a mandamus action. To prevail on such a claim, the requester must prove by clear and convincing evidence a clear legal right to the record and a corresponding clear legal duty on the part of the respondent to provide it." (Internal citations omitted.) *State ex rel. Griffin v. Sehlmeyer*, Slip Opinion No. 2021-Ohio-1419, ¶ 10. "A public-records mandamus claim generally becomes moot when the public office provides the requested documents." *State ex rel. Frank v. Clermont County Prosecutor*, 164 Ohio St.3d 552, 2021-Ohio-623, ¶ 15.

{¶10} Mr. Ware asks this Court to compel Respondents to produce copies of the personnel files of two individuals. According to Respondents' motion for summary judgment and the affidavits attached thereto, Mr. Ware's claim for relief is moot because Respondents have provided him with those documents. Mr. Ware did not file a brief in opposition to Respondents'

motion for summary judgment. Nor did he set forth any argument or evidence in his own motion for summary judgment explaining why his claim for relief is not moot. Because Mr. Ware has not shown that any genuine issue of material fact remains, we must conclude that Respondents are entitled to summary judgment on his claim for relief. *See Zimmerman*, 75 Ohio St.3d at 449.

**Serology Report, Arrest Report, and Direct Indictment Information Sheet**

{¶11} Mr. Ware asks this Court to compel Respondents to produce copies of a serology report from his criminal case, his arrest report, and his direct indictment information sheet. Yet, the Public Records Act limits the right of inmates to access certain records. R.C. 149.43(B)(8). When a person is incarcerated, like Mr. Ware, and that person requests public records from his case, the sentencing judge, or his successor, must authorize the release of the records.

> A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction * * * to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution * * *, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence * * * with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

R.C. 149.43(B)(8). Thus, this provision requires the sentencing court to first determine that the information sought in the public record is necessary to support a justiciable claim.

{¶12} The docket and pleadings demonstrate that Mr. Ware is an inmate and that he has not obtained a finding from his sentencing judge, or successor in office, under R.C. 149.43(B)(8). Indeed, in the letter Respondents sent to Mr. Ware, they specifically cited R.C. 149.43(B)(8) and explained that they were not required to provide him access to the serology report, arrest report, or direct indictment information sheet without a finding from his sentencing judge or that judge's successor in office. Mr. Ware has not addressed R.C. 149.43(B)(8) in any of his filings before

this Court. Because an inmate who seeks a public record related to his criminal case cannot compel the production of the public record without a judicial finding made pursuant to R.C. 149.43(B), Respondents are entitled to summary judgment on Mr. Ware's claim for relief. *State ex rel. Ware v. Kurt*, 9th Dist. Summit No. 29622, 2021-Ohio-2025, ¶ 16.

## Award of Costs

{¶13} Mr. Ware also seeks an award of court costs. *See State ex rel. Hogan Lovells U.S., L.L.P. v. Ohio Dept. of Rehabilitation and Correction*, Slip Opinion No. 2021-Ohio-1762; *State ex rel. Frank v. Clermont County Prosecutor*, 164 Ohio St.3d 552, 2021-Ohio-623, ¶ 17 (court costs may be awarded even when an underlying mandamus claim rendered moot). "Court costs may be awarded in a public-records case in two circumstances." *State ex rel. Hedenberg v. North Central Correctional Complex*, 162 Ohio St.3d 3d 85, 2020-Ohio-3815, ¶ 13. A court must award costs if a writ of mandamus issues. *Id.*, citing R.C. 149.43(C)(3)(a)(i). Alternatively, a court may award costs if it determines "that the public office 'acted in bad faith when [it] made the public records available to the relator for the first time after the relator commenced the mandamus action, but before the court issued any order concluding whether or not' to grant a writ of mandamus." *Hedenberg* at ¶13, quoting R.C. 149.43(C)(3)(a)(ii) and (b)(iii).

{¶14} Because we are not granting Mr. Ware's writ of mandamus, he is not entitled to a mandatory award of court costs under R.C. 149.43(C)(3)(a)(i). His claim for an award of costs will lie only if we determine that Respondents acted in bad faith. *See* R.C. 149.43(C)(3)(a)(ii) and (b)(iii). "Bad faith 'imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another.'" *State ex rel. McDougald v. Greene*,

161 Ohio St.3d 130, 2020-Ohio-3686, ¶ 26, quoting *State v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, ¶ 81.

{¶15}  According to Respondents' motion for summary judgment and the affidavits and evidence attached thereto, Respondents were not aware of Mr. Ware's public records request until they were served with his complaint for a writ of mandamus.  Respondents also noted that, on five prior occasions, they timely responded to other public records requests filed by Mr. Ware.  Mr. Ware did not file a brief in opposition.  Nor did he set forth any argument or evidence in his own motion for summary judgment to establish that Respondents acted in bad faith.  Because Mr. Ware has not demonstrated that he is entitled to an award of court costs, his request for costs is denied.

### Award of Statutory Damages

{¶16}  "[E]ven if a realtor does not prevail on [a] mandamus claim, it is still possible for him to receive an award of statutory damages."  *State ex rel. McDougald*, 161 Ohio St.3d 130, 2020-Ohio-3686, at ¶ 13.  "A person requesting public records is entitled to an award of statutory damages 'if a court determines that the public office or the person responsible for [the] public records failed to comply with an obligation in accordance with division (B) of [R.C. 149.43].'"  *State ex rel. McDougald v. Sehlmeyer*, 162 Ohio St.3d 94, 2020-Ohio-3927, ¶ 17, quoting R.C. 149.43(C)(2).  R.C. 149.43(B)(1) requires public records to be "promptly prepared" and made available "within a reasonable period of time."

{¶17}  Insofar as Mr. Ware sought copies of a serology report, his arrest report, and his direct indictment information sheet, Respondents did not fail to comply with an obligation under R.C. 149.43(B).  Mr. Ware did not secure a finding from his sentencing judge, or the judge's

successor in office, to compel the production of those items. *See* R.C. 149.43(B)(8). Therefore, he is not entitled to statutory damages with respect to that aspect of his claim.

{¶18} Insofar as Mr. Ware sought copies of two personnel files, it was his burden to establish by clear and convincing evidence that he transmitted his public records request to Respondents "'by hand delivery, electronic submission, or certified mail * * *.'" *McDougald*, 2020-Ohio-3927, at ¶ 17, quoting R.C. 149.43(C)(2). The Ohio Supreme Court has held that "'evenly balanced' evidence in the record regarding whether a public-records request was sent by certified mail [will] not satisfy a relator's clear-and-convincing-evidence burden of proof." *State ex rel. Griffin v. Doe*, Slip Opinion No. 2021-Ohio-3626, ¶ 8, quoting *State ex rel. Ware*, 163 Ohio St.3d 359, 2020-Ohio-5453, at ¶ 32.

{¶19} Mr. Ware averred in an affidavit attached to his complaint and motion for summary judgment that he sent a public records request to Respondents by certified mail on June 2, 2020. He further averred that he used his certified mail receipt and the United States Postal Service tracking website to confirm that his request was delivered to Respondents on June 8, 2020. He attached to his complaint and motion for summary judgment a copy of a certified mail receipt and a copy of a United States Postal Service tracking sheet. The certified mail receipt bears a time stamp from the postal service and shows that an item was mailed to Respondents. The time stamp date is difficult to decipher but appears to read June 4, 2020. The tracking sheet shows that the item sent by certified mail "was delivered to an individual at the address at 11:55 am on June 8, 2020 * * *." The individual was not identified, and Mr. Ware did not tender a signed return receipt of acknowledgment.

{¶20} Respondents attached two affidavits to their motion for summary judgment and incorporated by reference a letter that was sent to Mr. Ware upon the filing of his complaint for

a writ of mandamus. One affiant averred that he was employed by Respondents, was tasked with responding to public records requests, and had been responsible for that duty since 2019. He wrote, in both his affidavit and the letter he sent to Mr. Ware, that Respondents had no record of receiving a public records request from Mr. Ware in June 2020. He averred that the last request Respondents had received from Mr. Ware was in January 2020. He noted that Respondents had complied with public records requests from Mr. Ware on five prior occasions. The affiant averred that Respondents became aware of Mr. Ware's request when he filed his complaint for a writ of mandamus and, at that point, they responded to the request. The second affiant confirmed that he coordinated with the first affiant and reviewed and mailed records to Mr. Ware once their office became aware of his request.

{¶21} Upon review, Mr. Ware has not satisfied the heightened burden of proof necessary for an award of statutory damages. *See State ex rel. Ware*, 163 Ohio St.3d 359, 2020-Ohio-5453, at ¶ 32. Mr. Ware did set forth some evidence that he mailed his public records request to Respondents. Yet, the time stamp on the certified mail receipt he provided does not appear to match the day he claims to have mailed his request and there is no evidence of a signed return receipt of acknowledgment. *See* Civ.R. 4.1(A)(1)(a) (service by certified mail "[e]videnced by return receipt signed by any person"). *Compare State ex re. Ware*, 164 Ohio St.3d 557, 2021-Ohio-624 (awarding statutory damages where the respondent sent his public records request by certified mail "and a department employee signed the receipt acknowledgment"). Respondents specifically averred in an affidavit that they had received five prior public records requests from Mr. Ware but had no record of a request having been received by them in June 2020. They further averred that they did not become aware of Mr. Ware's request until he filed his complaint for a writ of mandamus. At best, the evidence in the record regarding whether Mr. Ware

transmitted his public records request to Respondents by certified mail was "evenly balanced," and therefore, did not satisfy Mr. Ware's clear and convincing burden of proof. *State ex rel. Griffin*, 2021-Ohio-3626, ¶ 8. *See also State ex rel. Ware*, 163 Ohio St.3d 359, 2020-Ohio-5453, ¶ 32. Mr. Ware's request for statutory damages is denied.

### Conclusion

{¶22} Respondents' motion for summary judgment is granted. Mr. Ware's request for court costs and statutory damages is denied. Because it was the filing of this action that prompted a response to Mr. Ware's public records request, however, no costs are taxed.

{¶23} The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

DONNA J. CARR
FOR THE COURT

TEODOSIO, J.
SUTTON, J.
CONCUR.

APPEARANCES:

KIMANI WARE, pro se, Relator.

SHERRI BEVAN WALSH, Prosecuting Attorney, and COLLEN SIMS and RAYMOND J. HARTSOUGH, Assistant Prosecuting Attorneys, for Respondents.