[Cite as *State ex rel. Ware v. Fankhauser*, 2022-Ohio-172.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel. KIMANI E. WARE, | CASE NO. 2021-P-0056 |
| Relator, | Original Action for Writ of Mandamus |
| - v - | |
| JILL FANKHAUSER, PORTAGE COUNTY CLERK OF COURTS, | |
| Respondent. | |

**P E R   C U R I A M**
**O P I N I O N**

Decided: January 24, 2022
Judgment: Petition denied

*Kimani E. Ware*, pro se, PID# A470-743, Trumbull Correctional Institution, 5701 Burnett Road, P.O. Box 901, Leavittsburg, OH 44430 (Relator).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Christopher J. Meduri*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent).

PER CURIAM.

{¶1} Pending before this court are: Relator, Kimani E. Ware's, Motion for Summary Judgment filed on September 7, 2021; Respondent, Jill Fankhauser's, Motion for Summary Judgment filed on November 10, 2021; and Ware's Reply to Fankhauser's Motion for Summary Judgment filed on December 6, 2021.

{¶2} On June 7, 2021, Ware filed a Verified Complaint for Writ of Mandamus pursuant to R.C. Chapter 149.43, Ohio's Public Records Act, seeking a writ of mandamus

to compel Fankhauser to comply with records requests sent by certified mail to the Portage County Clerk of Courts on January 27, 2020. Ware further sought court costs and statutory damages.

{¶3} On August 18, 2021, during the pendency of this action, Fankhauser complied with the public records requests thereby mooting Ware's claim for a writ of mandamus while the claims for statutory damages and court costs remained pending. *State ex rel. Frank v. Clermont Cty. Prosecutor*, 164 Ohio St.3d 552, 2021-Ohio-623, 174 N.E.3d 718, ¶ 15 and 17.

{¶4} Ware seeks judgment in his favor as to statutory damages and court costs. Fankhauser raises no argument in opposition to the claim for statutory damages but denies that Ware is entitled to court costs.

{¶5} "The Public Records Act provides for awards of attorney fees, statutory damages, and court costs under certain circumstances." *Id.* at ¶ 17. A "requester [of public records] shall be entitled to recover the amount of statutory damages set forth in this division if a court determines that the public office or the person responsible for public records failed to comply with an obligation in accordance with division (B) of this section," i.e., "all public records responsive to the request shall be promptly prepared and made available for inspection to the requester." R.C. 149.43(C)(2) and (B)(1). "The amount of statutory damages shall be fixed at one hundred dollars for each business day during which the public office or person responsible for the requested public records failed to comply with an obligation in accordance with division (B) of this section, beginning with the day on which the requester files a mandamus action to recovery statutory damages, up to a maximum of one thousand dollars." R.C. 149.43(C)(2).

2

{¶6} In the present case, seventy-two days passed between the filing of the Complaint for Mandamus on June 7 and the fulfillment of the requests on August 18. Accordingly, Ware is entitled to the statutory maximum of one thousand dollars in damages.

{¶7} A court may award court costs if it determines that the public office or the person responsible for public records has acted in "bad faith." *Frank* at ¶ 17; R.C. 149.43(C)(3)(a)(ii) ("[i]f the court makes a determination [of bad faith], the court shall determine and award to the relator all court costs, which shall be construed as remedial and not punitive"). Stated otherwise, the court must determine that "[t]he public office or the person responsible for the public records acted in bad faith when the office or person voluntarily made the public records available to the relator for the first time after the relator commenced the mandamus action, but before the court issued any order concluding whether or not the public office or person was required to comply with division (B) of this section." R.C. 149.43(C)(3)(b)(iii).

{¶8} For the purposes of the Public Records Act, "'bad faith' generally implies something more than bad judgment or negligence," rather, it "imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud" and "embraces actual intent to mislead or deceive another." (Citations omitted.) *State ex rel. McDougald v. Greene*, 161 Ohio St.3d 130, 2020-Ohio-3686, 161 N.E.3d 575, ¶ 26.

{¶9} Based on the evidence before this court, we conclude that Fankhauser acted in bad faith in that she consciously disregarded Ware's records requests for over a year before voluntarily complying. The initial requests were made on January 27, 2020

3

and submitted to the Portage County Clerk of Courts at 203 West Main Street, Ravenna, Ohio by certified mail. The return receipt indicated delivery on January 31, 2020. On February 10, 2020, the records requests were mailed back to Ware without explanation. On February 12 and March 12, 2020, Ware wrote to the Clerk of Courts inquiring about his records requests but received no response. On June 7, 2021, Ware filed the Complaint for Mandamus, and, on August 18, 2021, Fankhauser complied with the records requests – over a year and a half after receiving the initial requests. Fankhauser does not challenge the documentary evidence submitted by Ware and has not proffered any explanation for the delay in responding to the requests. Accordingly, we find that Ware is entitled to court costs. *Compare State ex rel. Hogan Lovells U.S., L.L.C. v. Dept. of Rehab. & Corr.*, 156 Ohio St.3d 56, 2018-Ohio-5133, 123 N.E.3d 928, ¶ 33 and 46 (court costs awarded where there was a ten-month delay in responding to the public records request).

{¶10} It is the judgment of this court that Ware's Motion for Summary Judgment is granted, and Fankhauser's Motion for Summary Judgment is denied. Ware is awarded statutory damages in the amount of $1,000 and Fankhauser is ordered to pay all court costs. Ware's petition for a writ of mandamus is denied as moot.


THOMAS R. WRIGHT, P.J., CYNTHIA WESTCOTT RICE, J., MATT LYNCH, J., concur.

4