NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-1440

THE STATE EX REL. HOWSON *v*. DELAWARE COUNTY SHERIFF'S OFFICE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Howson v. Delaware Cty. Sheriff's Office*, Slip Opinion No. 2023-Ohio-1440.]

*Mandamus—Public-records requests—Inmate failed to carry his burden to rebut by clear and convincing evidence showing of sheriff's office that it had provided all public records responsive to inmate's request—Writ and requests for statutory damages, court costs, and attorney fees denied.*

(No. 2022-0927—Submitted February 7, 2023—Decided May 3, 2023.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} Relator, David R. Howson, seeks a writ of mandamus directing respondent, the Delaware County Sheriff's Office ("DCSO"), to produce records in response to a public-records request. Because Howson has not proved that he is

entitled to this relief by clear and convincing evidence, we deny the writ. We also deny Howson's requests for statutory damages, court costs, and attorney fees.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} Howson is incarcerated at the Toledo Correctional Institution. In March 2022, Howson sent by certified mail a public-records request (the "first request") to DCSO, which had investigated and arrested him for crimes he was ultimately convicted of. In this first request, Howson sought a variety of records, including correspondence between himself and DCSO employees, emails relating to him sent between DCSO employees, DCSO jail rules and regulations, records of Howson's incoming and outgoing mail from DCSO's jail, records of contraband searches, logs showing Howson's outgoing phone calls from jail telephones, and certain DCSO dispatch records. Howson requested that the records be provided "either in paper form or * * * in a PDF format and on a DVD."

{¶ 3} Approximately ten days after sending his first request, Howson sent by certified mail a second request to DCSO (the "second request"). The second request sought 12 categories of records, many of which relate to Howson's arrest, investigation, and prosecution in connection with the crimes for which he is currently incarcerated.[1] The documents Howson identified in his second request were as follows:

    1)    [a]ny and all police reports, narratives, statements, supplements, audio or video recordings, photographs, and other documents relating to the arrest, investigation, and prosecution of David Ryan Howson between 2020 and 2022[;]

---

1. Howson's request was subject to R.C. 149.43(B)(8), which provides that an incarcerated person cannot obtain public records "concerning a criminal investigation or prosecution" unless "the judge who imposed the sentence * * *, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person." Howson obtained the required finding from the judge who sentenced him.

2) [a]ny and all police reports, narratives, statements, supplements, photographs, audio or video recordings, and other documents relating to the arrest, investigation, and/or prosecution of Duncun Francis Maclam between 2020 and 2022.

3) [a]ny and all police reports, narratives, statements, supplements, photographs, audio or video recordings, and other documents relating to the arrest, investigation, and/or prosecution of Lisa Marie Slentz between 2020 and 2022[;]

4) [a]ny and all police reports, narratives, statements, supplements, audio or video recordings, and other documents relating to the arrest, investigation, and prosecution of Edward Douglass Dill [between] 2020 and 2022[;]

5) [a]ny and all police reports, narratives, statements, supplements, audio or video recordings, and other documents relating to the arrest, investigation, and prosecution of James M. Slentz between 2020 and 2022[;]

6) [a]ny and all police reports, narratives, statements, supplements, audio or video recordings, and other documents relating to the investigation, reporting, or response to any calls for service or reports of criminal conduct from Ms. Kathryn Moyer between 2020 and 2022[;]

7) [a]ny and all police reports, narratives, statements, supplements, audio or video recordings, and other documents relating to the investigation, reporting, or response to any calls for service or reports of criminal conduct from Mr. Arthur Carpenter between 2020 and 2022[;]

8) [a]ny and all police reports, narratives, statements, supplements, audio or video recordings, and other documents relating to the investigation, reporting, or response to any calls for service or reports of criminal conduct from Mr. James P[.] Schuck between 2020 and 2022[;]

9) [a]ny and all police reports, narratives, statements, supplements, audio or video recordings, and other documents relating to the investigation, reporting, or response to any calls for service or reports of criminal conduct from Mr. Thomas Presley between 2020 and 2022[;]

10) [a]ny audio recording, video recording, combination of audio-video recording, or similar record made on March 10, 2021 during the interview with David R. Howson in the Delaware County Jail's interview room.

11) [a]ny Jail incident report relating to the Delaware County Jail receiving a harassing, threatening, or annoying call between January 1, 2021, and February 28, 2021[; and]

12) [a]ny and all shift pass on logs from the Delaware County Jail between March 10, 2021 and December 2, 2021.

Howson asked that responsive records be provided in PDF format on a DVD.

{¶ 4} DCSO responded to the first request on April 4, 2022, with a letter and a DVD containing responsive records, which Howson received on April 14. Howson contends that many of the records stored on the DVD had been redacted and that the DVD did not contain all the records responsive to his first request. According to Howson, DCSO's response also failed to identify the legal authority justifying the redactions.

{¶ 5} During a phone conversation with an unidentified DCSO employee on April 20, Howson inquired about the status of DCSO's response to the second request as well as whether DCSO would provide records identified in his first request that he believed were outstanding. Howson alleges that the DCSO employee told him that responsive records would be provided and that the employee did not mention any redactions or exemptions from disclosure.

{¶ 6} DCSO sent another letter and DVD to Howson on April 27, which he received on May 10. According to Summer Hodgkinson, DCSO's public-records specialist, the DVD sent on April 27 contained all outstanding records responsive to the first request as well as all records responsive to the second request that were not subject to an exemption from disclosure. Also included among the documents stored on the April 27 DVD were DCSO forms noting "necessary redactions and exemptions to the records produced, consistent with and subject to applicable Ohio public-records laws." Though the forms noted applicable exemptions, they did not specifically identify the records or requests to which the exemptions applied.

{¶ 7} For his part, Howson disputes Hodgkinson's description of the contents of DCSO's April 27 response. Howson contends that the DVD that DCSO sent him on that date does not contain any records responsive to the second request. He also argues that the April 27 response did not explain why records responsive to his second request were not produced. Howson's affidavit does not dispute Hodgkinson's testimony that the April 27 response provided all outstanding records responsive to the first request, though he does question why some of them were redacted. He also contends that neither the April 7 DVD nor the April 27 DVD "contains any notice regarding exemptions or redactions from disclosure for either of [his] requests."

{¶ 8} On June 20, Howson mailed DCSO a letter following up on his public-records requests and claiming that neither DVD sent to him contained

records responsive to his second request. Howson attached to his letter a copy of the second request and repeated his request for the records.

{¶ 9} Howson commenced this action in this court on July 29, seeking a writ of mandamus ordering DCSO to provide the records identified in his second request. He also demanded awards of statutory damages, "any costs associated with this action," and "any reasonable attorneys' fees that may arise." DCSO filed a motion to dismiss the action under Civ.R. 12(B)(6) for failure to state a claim upon which this court could grant relief. DCSO's sole argument in support of dismissal was that all existing public records responsive to Howson's requests had been provided, rendering the action moot. We denied the motion to dismiss, granted an alternative writ, and set a schedule for the submission of evidence and the filing of merit briefs. 168 Ohio St.3d 1412, 2022-Ohio-3636, 196 N.E.3d 842.

{¶ 10} After Howson filed his complaint, Hodgkinson reexamined Howson's second request and all records produced in response thereto. Hodgkinson gathered all records originally produced, prepared a follow-up response and copies of all responsive records, and sent Howson another DVD containing responsive records on November 7. In a cover letter, Hodgkinson noted additional records provided on the November 7 DVD that were not included on the April 27 DVD.

{¶ 11} As with her April 27 response, Hodgkinson included several forms listing the reasons some documents responsive to the second request had been redacted or were exempt from disclosure. On one of the forms, which had not been provided with the April 27 DVD, Hodgkinson noted that "Parts 2, 3, 4, 5, 6, 10 and 11" of Howson's second request were exempt from disclosure because responsive records were subject to an order to seal records under R.C. 2953.53. *See State ex rel. Cincinnati Enquirer v. Winkler*, 101 Ohio St.3d 382, 2004-Ohio-1581, 805 N.E.2d 1094, ¶ 6 (under R.C. 149.43(A)(1)(v), records ceased to be public records when sealed).

**{¶ 12}** Both parties have submitted evidence and filed merit briefs; Howson did not timely file a reply brief. Howson has also filed a motion to strike DCSO's merit brief under S.Ct.Prac.R. 3.11(E), alleging that it had not been served on him in accordance with this court's Rules of Practice.

## II. ANALYSIS

### A. Motions to Strike

**{¶ 13}** On February 14, 2023, nearly two months after his reply brief was due, Howson filed a motion to strike DCSO's merit brief on the basis that DCSO had not served a copy of it on him. In the alternative, Howson asks us to allow him to file a reply brief. Howson also filed a motion and amended motion to supplement his motion to strike to add an affidavit and a copy of the reply brief he wishes to file. DCSO opposes Howson's motion to strike and moves to strike it on the basis that Howson did not serve it on DCSO.

**{¶ 14}** "When a party * * * fails to serve a party or parties to the case in accordance with [the rules of service], any party adversely affected may file a motion to strike the document that was not served." S.Ct.Prac.R. 3.11(E)(1). If we determine that service was not properly made, we may strike the document or order that it be served and impose a new deadline for the filing of any responsive document. S.Ct.Prac.R. 3.11(E)(2).

**{¶ 15}** Though our docket shows that DCSO filed its merit brief on December 8, 2022, Howson contends that he did not receive a copy from DCSO's counsel. In the certificate of service appended to DCSO's brief, however, counsel for DCSO certifies that a copy of the brief had been served by regular U.S. mail on Howson at his address of record. Howson has, at most, established that DCSO's brief was not delivered to him at the prison. He has not shown that DCSO failed to comply with the service requirements of S.Ct.Prac.R. 3.11(C)(1). *See id.* ("Service by mail is effected by depositing the copy with the United States Postal Service for

7

mailing"). We deny Howson's motion to strike, the motion to supplement, and the amended motion to supplement, and we deny as moot DCSO's motion to strike.

**B. Howson's Mandamus Claim**

{¶ 16} Ohio's Public Records Act, R.C. 149.43, requires a public office to make copies of public records available to any person upon request within a reasonable time. R.C. 149.43(B)(1). Mandamus is an appropriate remedy by which to compel compliance with the Public Records Act. *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6.

{¶ 17} To be entitled to the writ, Howson must demonstrate that he has a clear legal right to the requested relief and that DCSO has a clear legal duty to provide that relief. *State ex rel. Cincinnati Enquirer v. Sage*, 142 Ohio St.3d 392, 2015-Ohio-974, 31 N.E.3d 616, ¶ 10. Howson bears the burden to plead and prove facts showing that he requested a public record pursuant to R.C. 149.43(B)(1) and that DCSO did not make the record available to him. *See Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 26.

{¶ 18} A public office may establish by affidavit that all existing public records have been provided. *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 15. The requester may rebut the public office's affidavit by clear and convincing evidence showing a genuine issue of fact as to whether additional responsive records exist. *State ex rel. Frank v. Clermont Cty. Prosecutor*, 164 Ohio St.3d 552, 2021-Ohio-623, 174 N.E.3d 718, ¶ 15. "Clear and convincing evidence" is a measure or degree of proof that is more than a preponderance of the evidence but less than the beyond-a-reasonable-doubt standard required in a criminal case and that produces in the trier of fact's mind a firm belief as to the fact sought to be established. *State ex rel. Miller v. Ohio State Hwy. Patrol*, 136 Ohio St.3d 350, 2013-Ohio-3720, 995 N.E.2d

1175, ¶ 14. If the requester does not rebut the public office's evidence that it responded fully to the public-records request, this court will deny the writ. *See Frank* at ¶ 16.

### *1. The first request*

**{¶ 19}** Howson's complaint does not seek a writ of mandamus relating to the first request. Rather, it demands a writ of mandamus ordering DCSO to respond fully to only the *second request*. And in his response to DCSO's motion to dismiss, Howson "concede[d] the first request was fulfilled in its entirety by the two (2) DVDs provided" to him in April and May 2022. But in his merit brief, Howson changes course and argues that DCSO did not timely respond to his first request, that DCSO did not properly justify its redactions to the records it produced, and that he is entitled to statutory damages for those purported violations of the Public Records Act.

**{¶ 20}** We decline to address the merits of Howson's new claim. Howson did not plead a claim for relief in his complaint with respect to the first request or file a motion to amend the complaint. We issued an alternative writ based on a pleading that did not include any claim related to the first request—after Howson conceded that DCSO had responded fully to that request. Thus, the claim is not properly before this court. *See State ex rel. Massie v. Gahanna-Jefferson Pub. Schools Bd. of Edn.*, 76 Ohio St.3d 584, 589, 669 N.E.2d 839 (1996).

### *2. The second request*

**{¶ 21}** As for the second request, Howson contends that DCSO has failed to respond *at all*. DCSO disputes Howson's contention, arguing that the DVD it sent him on April 27, 2022, contained electronic copies of all public records held by DCSO that were responsive to the second request. DCSO further contends that it sent Howson another DVD on November 7, updating its response to include additional documents responsive to item Nos. 9 and 11 listed in the second request.

DCSO summarizes its April 27 and November 7 responses to the second request as follows:

- Records responsive to item Nos. 1, 7, and 8 were provided, with applicable redactions, in both the April 27 and the November 7 response.

- There are no public records responsive to item Nos. 2 through 6, because any responsive records are exempt from disclosure as "unlisted arrests, expunged and/or sealed records or criminal investigation information."

- There were no public records responsive to item No. 9 at the time of DCSO's April 27 response, because responsive records were exempt; the exemption subsequently ceased to be applicable, so DCSO provided responsive documents with appropriate redactions in its November 7 response.

- There are no public records responsive to item No. 10, because responsive records are "infrastructure records" exempt from disclosure.

- DCSO provided all records responsive to item No. 11, which it had liberally construed as including case reports.

- There are no public records responsive to item No. 12, because DCSO "does not possess or maintain" the requested documentation.

{¶ 22} Howson and DCSO thus have a factual dispute concerning whether DCSO has produced any records responsive to the second request. DCSO attests that it sent Howson two DVDs containing records responsive to the second request, and it has submitted into evidence copies of the documents stored on those DVDs (which each contain more than 300 pages); conversely, Howson has testified that none of the DVDs he received contain documents responsive to his second request. But it is Howson's burden to rebut by clear and convincing evidence DCSO's attestation that all responsive public records have been provided. *See Frank*, 164 Ohio St.3d 552, 2021-Ohio-623, 174 N.E.3d 718, at ¶ 15. Absent contrary evidence

from Howson, the materials DCSO has submitted into evidence here defeat Howson's claim that DCSO has not fully responded to the second request. *See State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 22, 2018-Ohio-5110, 123 N.E.3d 895, ¶ 18; *see also Strothers v. Norton*, 131 Ohio St.3d 359, 2012-Ohio-1007, 965 N.E.2d 282, ¶ 13 (affirming denial of writ when public office submitted evidence that it had given access to all requested records and requester "did not submit the requisite clear and convincing proof to the contrary"). We therefore deny the writ.

### C. Statutory Damages, Court Costs, and Attorney Fees

{¶ 23} Howson also requests court costs, statutory damages, and attorney fees. Regarding his first request, Howson is not entitled to any of this relief. As stated above, Howson failed to assert any claim related to the first request in his complaint.

{¶ 24} Nor is Howson entitled to any of this relief in connection with the second request. As for statutory damages, Howson is potentially eligible for an award because he transmitted his request by certified mail. *See* R.C. 149.43(C)(2). But to qualify for statutory damages, Howson must establish that the public office "failed to comply with an obligation in accordance with [R.C. 149.43(B)]." R.C. 149.43(C)(2). For example, Howson would qualify for statutory damages if he showed that DCSO did not provide responsive records within a reasonable amount of time or that DCSO denied his request without informing him of the denial and the reasons for the denial. *See* R.C. 149.43(B)(1) and (3); *State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 11.

{¶ 25} But Howson has not proved a violation of R.C. 149.43(B). The basis for Howson's mandamus and statutory-damages claims is that DCSO allegedly did not respond *at all* to the second request. But as explained above, Howson has failed to prove that allegation with clear and convincing evidence. To the contrary, Howson has not rebutted DCSO's evidence demonstrating that it provided all

records responsive to the second request in the DVDs sent to Howson on April 27 and November 7, 2022.

{¶ 26} Nor is Howson entitled to court costs or attorney fees. A relator in a public-records mandamus action is entitled to court costs only if (1) the court orders relief or (2) the court determines that the public office acted in bad faith by voluntarily making records available for the first time after the relator commenced the mandamus action. *See* R.C. 149.43(3)(a). Because Howson not shown entitlement to a writ of mandamus, he cannot recover costs under R.C. 149.43(C)(3)(a)(i). And he has made no argument that the bad-faith provision in R.C. 149.43(C)(3)(a)(ii) applies. Thus, Howson is ineligible for an award of court costs.

{¶ 27} As for attorney fees, Howson (who is acting pro se) did not offer any evidence that he has incurred fees and his merit brief does not explain why he would be entitled to attorney fees. By failing to include the attorney-fee claim in his merit brief, Howson has waived it. *See State ex rel. Data Trace Information Servs., L.L.C. v. Cuyahoga Cty. Fiscal Officer*, 131 Ohio St.3d 255, 2012-Ohio-753, 963 N.E.2d 1288, ¶ 69.

### III.  CONCLUSION

{¶ 28} For the foregoing reasons, Howson has failed to demonstrate by clear and convincing evidence that he is entitled to mandamus relief. We therefore deny the requested writ. We also deny Howson's requests for statutory damages, court costs, and attorney fees. In addition, we deny Howson's motion to strike DCSO's merit brief, and we deny his motion and amended motion to supplement the motion to strike. Finally, we deny as moot DCSO's motion to strike.

Writ denied.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

————————————

David R. Howson, pro se.

Fishel, Downey, Albrecht & Riepenhoff, L.L.P., Daniel T. Downey, and David C. Moser, for respondent.

_____