[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Straughter v. Ohio Dept. of Rehab. & Corr.*, Slip Opinion No. 2023-Ohio-1543.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-1543

THE STATE EX REL. STRAUGHTER *v*. OHIO DEPARTMENT OF REHABILITATION AND CORRECTION.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Straughter v. Ohio Dept. of Rehab. & Corr.*, Slip Opinion No. 2023-Ohio-1543.]**

*Mandamus—Public-records requests—Inmate does not dispute public office's representation that it has provided to him all kites he requested—Public office has not demonstrated that inmate made his requests solely with expectation that they would be denied and he could then collect statutory damages—Writ denied as moot, $1,000 in statutory damages awarded, and request for court costs denied.*

(No. 2022-0983—Submitted February 28, 2023—Decided May 10, 2023.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} Relator, Valdez J. Straughter, seeks a writ of mandamus to compel respondent, the Ohio Department of Rehabilitation and Correction ("DRC"), to provide documents in response to public-records requests he submitted, to pay him statutory damages, and to pay court costs. We previously denied DRC's motion to dismiss Straughter's complaint and granted an alternative writ. 168 Ohio St.3d 1412, 2022-Ohio-3636, 196 N.E.3d 837. We now deny as moot the writ of mandamus and award Straughter $1,000 in statutory damages. We decline to award court costs.

**Background**

{¶ 2} In *State ex rel. Mobley v. Ohio Dept. of Rehab. & Corr.*, 169 Ohio St.3d 39, 2022-Ohio-1765, 201 N.E.3d 853, ¶ 26, we held that prison kites are public records subject to disclosure under R.C. 149.43. Less than two weeks after our decision in *Mobley* was released, Straughter, who is an inmate at the London Correctional Institution, sent a request by prison kite for three records. DRC indicated that it would provide the first requested record but that the other two records "are Electronic Kites and the IIS Office does not provide copies of kites, only ICR/Grievances." DRC referred Straughter to a DRC employee "regarding the process to obtain copies of kites."

{¶ 3} Within a few hours after DRC sent its response, Straughter sent a second request, formally "making a public records request pursuant to Ohio Revised Code 149.43(B)" for the two kites DRC had declined to provide. DRC again denied the request, stating that "[k]ites are not available as public records." The same day, Straughter submitted another public-records request for three additional kites. DRC denied the request.

{¶ 4} The next day, Straughter sent a request to the DRC employee he had been referred to, requesting four kites he had previously requested and one new one. DRC again denied the request.

**{¶ 5}** Two days later, Straughter requested another kite. In response to that request, after denying it, DRC asked Straughter to "[p]lease refrain from asking the same questions regarding the same subject as the response remains the same in accordance with policy." DRC gave Straughter a "formal directive, in writing, to stop the repetitive requests surrounding this request."

**{¶ 6}** Straughter then filed a complaint for a writ of mandamus in this court. After we issued an alternative writ, Straughter submitted evidence and the parties filed merit briefs.

## Analysis

### *The mandamus claim is moot*

**{¶ 7}** Mandamus is an appropriate remedy by which to compel compliance with Ohio's Public Records Act, R.C. 149.43. R.C. 149.43(C)(1)(b). To prevail in a public-records mandamus action, the relator must prove, by clear and convincing evidence, that the requested records exist and that they are public records maintained by the office that received the request. *See State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 8.

**{¶ 8}** As his first proposition of law, Straughter argues that the kites he requested are public records that should have been provided to him. DRC responds that the requests are moot because on November 8, 2022, DRC provided Straughter with copies of the kites that he had requested. Straughter did not file a reply brief disputing DRC's contention that it has provided all the requested kites. We therefore deny the writ of mandamus as moot. *See State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 22 (a public-records mandamus claim generally becomes moot when the public office provides the requested documents).

### *Statutory damages*

**{¶ 9}** Under R.C. 149.43(C)(2), a requester of public records is entitled to recover statutory damages when (1) he has submitted a written public-records

request "by hand delivery, electronic submission, or certified mail," (2) the request "fairly describes the public record or class of public records to the public office or person responsible for the requested public records," and (3) "a court determines that the public office or the person responsible for public records failed to comply with an obligation" imposed by R.C. 149.43(B). Statutory damages accrue at $100 for each business day during which the public office failed to comply with R.C. 149.43(B), beginning with the day on which the requester filed a mandamus action to recover statutory damages, up to a maximum of $1,000. R.C. 149.43(C)(2).

{¶ 10} DRC does not dispute that it breached its obligations under the Public Records Act. Straughter filed this mandamus action on August 11, 2022, so the potential statutory damages reached the $1,000 maximum long before the records were produced on November 8.

{¶ 11} But DRC argues that statutory damages should not be awarded, because "[i]t is clear from the circumstances surrounding this case that [Straughter] did not actually want the records requested, but instead wanted the request to be denied in order to obtain statutory damages." In support of this argument, DRC cites *Rhodes v. New Philadelphia*, 129 Ohio St.3d 304, 2011-Ohio-3279, 951 N.E.2d 782, ¶ 27, for the proposition that "[w]hen a party requests access to public records with the specific desire for access to be denied, it cannot be said that the party is using the request in order to access public records; he is only feigning that intent."

{¶ 12} In *Rhodes*, the requester sent public-records requests in 2007 to eight political subdivisions for reel-to-reel police tape recordings made between 1975 and 1995. *Id*. at ¶ 2-3. When some of those recordings were located, he did not ask to listen to them, to receive transcripts of them, or to have them copied for his use. *Id*. at ¶ 3. Nor did he pursue claims against the departments that had destroyed the recordings pursuant to valid records-retention schedules. Instead, he sought statutory damages from only the one department that had improperly destroyed the

recordings, claiming to have been "aggrieved" by the destruction.[1]  *Id*. at ¶ 4.  We rejected the claim, holding that the requester was not "aggrieved" by the destruction of recordings he never wanted in the first place.  *Id*. at ¶ 27.

**{¶ 13}** By contrast, DRC has not demonstrated that Straughter made his requests solely with the expectation that they would be denied and he could then collect statutory damages.  DRC suggests that Straughter made his requests when he did—shortly after *Mobley* was decided—to "take advantage of the situation, assuming that in all likelihood, DRC central office would not be able to communicate or educate the warden's [sic] administrative assistants as to this significant change in the law in such a short period of time."  This is pure speculation.  Here, unlike in *Rhodes*, no evidence that Straughter's requests were shams has been introduced.

**{¶ 14}** Alternatively, DRC claims that Straughter had access to the requested kites at all times through his JPay account.  But DRC has not established that alleged fact by filing an affidavit or other evidence.  DRC's bare allegation that Straughter could have accessed the kites another way does not prove that he requested them from DRC in the expectation that his request would be denied.

**{¶ 15}** Finally, DRC argues that Straughter's choice to continue prosecuting this case even though the mandamus portion is moot "further proves the point that he is just attempting to get a statutory damages award."  But the fact that a public-records requester continues to pursue statutory damages despite the mootness of the underlying mandamus claim reveals nothing about the requester's underlying motive for originally making the request.  We have long held that even though a mandamus action is moot, statutory damages may be awarded based on the unreasonable amount of time the public office had taken to provide the requested records.  *See, e.g.*, *State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 13,

---

1. R.C. 149.351(B) authorizes any person who is "aggrieved" by the removal or destruction of public records to file suit and recover $1,000 for each violation, up to a maximum of $10,000.

2018-Ohio-5108, 123 N.E.3d 887, ¶ 20-22. DRC's argument would require us to overrule *Kesterson* and to deny statutory damages whenever the public office has made an untimely production of records.

*Court costs*

{¶ 16} Straughter requests an award of court costs. Because Straughter filed an affidavit of indigency in this matter, there are no court costs to award.

**Conclusion**

{¶ 17} We deny the writ of mandamus as moot and award Straughter $1,000 in statutory damages. The request for court costs is denied.

Writ denied.

KENNEDY, C.J., and DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ.

FISCHER, J., concurs in part and dissents in part and would not award statutory damages.

_____

Valdez J. Straughter, pro se.

Dave Yost, Attorney General, and John H. Bates, Assistant Attorney General, for respondent.

_____