[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mobley v. Powers*, Slip Opinion No. 2024-Ohio-104.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-104

THE STATE EX REL. MOBLEY *v.* POWERS, PROS. ATTY.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mobley v. Powers*, Slip Opinion No. 2024-Ohio-104.]**

*Mandamus—Public-records requests—R.C. 149.43—Former R.C. 309.16—Vagueness—Mootness—Limited writ granted.*

(No. 2023-0501—Submitted November 14, 2023—Decided January 17, 2024.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} This is an original action in mandamus brought under Ohio's Public Records Act, R.C. 149.43, by relator, Alphonso Mobley Jr., against respondent, Hamilton County Prosecuting Attorney Melissa A. Powers ("the prosecutor").[1]

_____

1. Mobley named (now Justice) Joseph Deters as the respondent in this case.  Although Justice Deters was at one time the Hamilton County Prosecuting Attorney, he did not hold that office when Mobley filed his mandamus complaint.  Because Powers held that office when Mobley filed his

Mobley requested in his complaint a writ of mandamus ordering the production of records relating to former R.C. 309.16, Am.Sub.S.B. No. 198, 138 Ohio Laws, Part I, 683-684, and a records-retention schedule. He also requested awards of statutory damages and costs. We deny the writ as moot regarding some of the requested records, grant a limited writ of mandamus regarding others, defer ruling on the request for an award of statutory damages, and deny the request for an award of costs. Also pending is Mobley's motion for leave to file rebuttal evidence. We grant that motion in part and deny it in part.

## I. BACKGROUND

**{¶ 2}** On January 27, 2023, the prosecutor received Mobley's public-records request, which sought the records-retention schedule kept by the prosecutor and the "certified statements" prepared by the prosecutor under former R.C. 309.16 for the years 2016 through 2020.

**{¶ 3}** The General Assembly repealed R.C. 309.16, effective April 4, 2023, *see* 2022 Am.Sub.S.B. No. 16, but at the time of Mobley's public-records request, the statute required each county prosecuting attorney to "make a certified statement to the board of county commissioners specifying" information falling under two categories, former R.C. 309.16(A). First, the prosecuting attorney had to specify "[t]he number of criminal prosecutions pursued to final conviction and sentence under his official care, during the year next preceding the time of making such statement." Former R.C. 309.16(A)(1). "In such statement the prosecuting attorney [was required to] name the parties to each prosecution, the amount of fine assessed in each case, the number of recognizances forfeited, and the amount of money collected in each case." *Id.* Second, the prosecuting attorney had to specify

complaint—and still holds that office—we have automatically substituted her as the respondent. *See* S.Ct.Prac.R. 4.06(B).

certain information relating to aggravated-arson and arson offenses committed in violation of R.C. 2909.02 and 2909.03, respectively. Former R.C. 309.16(A)(2).

{¶ 4} On March 23, Assistant Prosecuting Attorney Amy Clausing, who was the public-information officer for the prosecutor, located records responsive to Mobley's request. Near the end of March, Clausing drafted a letter in response to Mobley's request and, she thought, mailed it to him with the responsive records.

{¶ 5} On April 14, Mobley filed his mandamus complaint in this case. Upon being served with Mobley's complaint, Clausing realized that she had inadvertently failed to send him the response to his public-records request. Therefore, on April 20, Clausing mailed the response to Mobley, explaining to him that she had enclosed "the annual reports to the Hamilton County Board of County Commissioners for the years 2016-2020, submitted pursuant to O.R.C. 309.16, as well as the Hamilton County Prosecutor's Office record retention schedule."

{¶ 6} The "annual reports" that Clausing sent to Mobley consist of five individual documents, each with the heading "STATEMENT PURSUANT TO R.C. 309.16." (Capitalization sic.) Each document identifies the applicable date range (e.g., September 1, 2019, to August 31, 2020) and specifies the arson-related information that was required by former R.C. 309.16(A)(2).

{¶ 7} Clausing attests that her response to Mobley provided him with all the records he had requested.

{¶ 8} This court denied the prosecutor's motion to dismiss Mobley's mandamus complaint, denied Mobley's combined motion to strike and request for sanctions, and granted an alternative writ and set a schedule for the submission of evidence and merit briefs. 170 Ohio St.3d 1488, 2023-Ohio-2348, 212 N.E.3d 934. Both parties filed merit briefs, but only the prosecutor filed evidence. On the day that the prosecutor filed her brief, Mobley filed a motion for leave to file rebuttal evidence, which the prosecutor has not opposed.

## II. ANALYSIS

### A. *Mobley's motion for leave to file rebuttal evidence*

{¶ 9} Mobley's motion for leave to file rebuttal evidence labels the proposed evidence as "Exhibit A" and "Exhibit B." Exhibit A is a mail return-receipt card that was returned by the prosecutor. Exhibit B consists of a February 8, 2023 public-records request that Mobley sent to the Hamilton County Board of Commissioners, which sought the same public records he requested from the prosecutor in this matter, and the board's August 1 and 8 responses to that request.

{¶ 10} This court's rules provide that a "[r]elator may file a motion for leave to file rebuttal evidence within the time permitted for the filing of relator's reply brief." S.Ct.Prac.R. 12.06(B). Because Mobley filed his motion for leave on the day that the prosecutor filed her merit brief, his motion was timely.

{¶ 11} The aim of Mobley's motion is the admission of evidence rebutting the evidence the prosecutor has submitted to show that Clausing has provided to Mobley all the records responsive to his records request. "Rebutting evidence is [evidence] given to explain, refute, or disprove new facts introduced into evidence by the adverse party; it becomes relevant only to challenge the evidence offered by the opponent, and its scope is limited by such evidence." *State v. McNeill*, 83 Ohio St.3d 438, 446, 700 N.E.2d 596 (1998). A court has discretion in determining whether to admit rebuttal evidence. *Id.*

{¶ 12} We deny Mobley's motion as to Exhibit A because the exhibit lacks a proper rebuttal purpose. The fact that Mobley possesses a mail return-receipt card returned by the prosecutor shows nothing about whether the prosecutor has failed to provide Mobley with a complete set of the records he requested.

{¶ 13} Mobley is on stronger ground, however, regarding Exhibit B. The documents comprising that exhibit can be grouped into four categories.

{¶ 14} The first category consists of the public-records request that Mobley sent to the board and the board's cover letters responding to the request.

4

**{¶ 15}** The second category consists of cover letters sent by the prosecutor to the board from 2016 through 2020, which state that a report was enclosed and was being submitted pursuant to former R.C. 309.16.

**{¶ 16}** The third category consists of the same documents that Clausing sent to Mobley containing the heading "STATEMENT PURSUANT TO R.C. 309.16" (capitalization sic), which Clausing described in her letter to Mobley as constituting "the annual reports to the Hamilton County Board of County Commissioners for the years 2016-2020."

**{¶ 17}** The last category consists of a series of reports made by the prosecutor that differ from those in the third category. Each report contains a cover page stating that the information in the report was being submitted "pursuant to O.R.C. 309.16, providing the number of criminal prosecutions pursued to final conviction and sentence from [the applicable date range] showing the names of the defendants, together with recognizance forfeitures." Also included in each report is an itemized list showing information described in the report's cover page.

**{¶ 18}** This last category of records has the most obvious rebuttal purpose. On their faces, the cover pages and itemized lists prepared by the prosecutor are documents that Mobley requested from the prosecutor as "certified statements" that her office had created under former R.C. 309.16(A). Each cover page states that the itemized list following it contains three pieces of information required by former R.C. 309.16(A)(1) for a year in the date range requested by Mobley— namely, "[t]he number of criminal prosecutions pursued to final conviction and sentence," "the parties to each prosecution," and "the number of recognizances forfeited," *id*. Each itemized list then states for the applicable date range the name of each defendant whose recognizance was forfeited. (The lists do not specify the number of criminal prosecutions pursued to final conviction and sentence.) Because these documents tend to refute the prosecutor's claim that Clausing gave

Mobley everything he had requested, we grant Mobley's motion for leave and admit the documents as rebuttal evidence.

{¶ 19} We also admit the first, second, and third categories of documents as rebuttal evidence. We recognize that former R.C. 309.16(A) did not specifically require the prosecutor to create the documents falling under the first and second categories. And the prosecutor has already provided Mobley with the documents falling under the third category. But these three categories of documents help to contextualize the last category of documents.

{¶ 20} We deny Mobley's motion for leave to file rebuttal evidence as to Exhibit A but grant it as to Exhibit B.

### B. Mandamus

{¶ 21} Mandamus is an appropriate remedy to compel compliance with Ohio's Public Records Act. *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6; R.C. 149.43(C)(1)(b). To obtain a writ of mandamus, Mobley must show that he has a clear legal right to the requested relief and that the prosecutor has a clear legal duty to provide it. *State ex rel. Ellis v. Maple Hts. Police Dept.*, 158 Ohio St.3d 25, 2019-Ohio-4137, 139 N.E.3d 873, ¶ 5.

### 1. Vagueness

{¶ 22} We first address whether the prosecutor is correct in arguing that she had no duty to provide Mobley with any "annual report" that accompanied a "certified statement" for the years 2016 through 2020 submitted under former R.C. 309.16 because his records request was impermissibly vague. In arguing that Mobley's request was too vague, the prosecutor points to a purported discrepancy between what Mobley sought in his request and what he claims in his merit brief he is entitled to now. Relevant here, Mobley argues in his brief that he is entitled to records in addition to those he has already received, which he sometimes

describes as the "annual report[s]." The term "annual report" did not appear in his records request. Rather, his request used the term "certified statements."

**{¶ 23}** A public-records requester has a duty " 'to identify with reasonable clarity the records at issue.' " *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 29, quoting *State ex rel. Fant v. Tober*, Cuyahoga App. No. 63737, 1993 WL 173743, *1 (Apr. 28, 1993). But the vagueness argument here is almost certainly not supported by any failure of Mobley to articulate with sufficient clarity the records he was seeking in his request. After all, Mobley cited former R.C. 309.16, quoted the statute to describe a discrete category of information specified therein (i.e., "certified statement[s]"), and limited the temporal scope of his request to a particular period. As we see it, the prosecutor's main concern is that, in her view, Mobley has impermissibly used his brief to expand his records request from what he originally sought. Indeed, the prosecutor argues in her brief that "to the extent [Mobley] claims he was entitled to records not listed in his original request, [the prosecutor] was under no clear legal duty to act." Accordingly, we will analyze this argument by the prosecutor as an allegation that Mobley is now asking for records that he did not originally request, not that his request was impermissibly vague.

**{¶ 24}** It is true that a public-records requester may not broaden the scope of a request through a legal brief filed in pursuit of the records requested. *See State ex rel. Horton v. Kilbane*, 167 Ohio St.3d 413, 2022-Ohio-205, 194 N.E.3d 288, ¶ 10. But Mobley has not done that here. The records request he submitted to the prosecutor sought the certified statements prepared by her office under former R.C. 309.16 for the years 2016 through 2020. And he argues in his brief that he still has not received records that the prosecutor prepared to meet the requirements of former R.C. 309.16(A)(1) for those years.

**{¶ 25}** The prosecutor notes that Mobley's brief occasionally uses the term "annual report" to describe the records he has not yet received. Even so, the

prosecutor mistakenly argues that Mobley's use of that term amounts to a request for records that he did not ask for in his original request. On page two of his brief, Mobley states that the prosecutor "has failed to provide the Annual Report[s] that were given to the Hamilton County Board of Commissioners pursuant to R.C. 309.16(A)(1)." That sentence shows that as used by Mobley, the term "annual report" means the documents that the prosecutor's office created to meet the requirements of former R.C. 309.16(A)(1), which is what Mobley sought in his original request for "certified statements."

{¶ 26} Nor is Mobley the only party who has employed differing terminology in describing the records that former R.C. 309.16 required to be created. Former R.C. 309.16(A)(1) describes the records that a prosecuting attorney had to create as a "certified statement," but Mobley's rebuttal evidence shows that the prosecutor herself described the records she created under that provision as a "report" in the cover letters and recognizances-forfeited lists her office sent to the board. Moreover, former R.C. 309.16(D) uses the term "reports" rather than "certified statements" in describing the records that the prosecutor was required to "make" under former R.C. 309.16.

{¶ 27} We reject the prosecutor's vagueness argument.

## 2. Mootness

{¶ 28} The prosecutor argues that this court should deny Mobley's mandamus claim as moot because, she says, Clausing has already sent him all the records he requested. Generally, a public-records mandamus claim becomes moot when the records custodian provides the requested documents. *See State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 22. "A public office may establish by affidavit that all existing public records have been provided." *State ex rel. Frank v. Clermont Cty. Prosecutor*, 164 Ohio St.3d 552, 2021-Ohio-623, 174 N.E.3d 718, ¶ 15.

### a. The records-retention schedule and records created to meet the requirements of former R.C. 309.16(A)(2)

{¶ 29} Clausing's affidavit and the exhibit attached to it establish that after Mobley filed his mandamus action, she sent him the prosecutor's records-retention schedule and the records that the prosecutor's office created to meet the requirements of former R.C. 309.16(A)(2) for the years 2016 through 2020. Because Clausing provided Mobley these records, it follows that his mandamus claim regarding the records is moot. *See Striker* at ¶ 22.

### b. Records created to meet the requirements of former R.C. 309.16(A)(1)

{¶ 30} Again, Clausing attests that after receiving Mobley's request, she provided him with all the records he had requested. But given the records that Mobley submitted with his motion for leave to file rebuttal evidence, which we have admitted into evidence and which evince records that the prosecutor's office created to meet the requirements of former R.C. 309.16(A)(1), we cannot conclude that Clausing's attestation moots Mobley's claim regarding records created under former R.C. 309.16(A)(1). As we have said, "[t]he attestations in an affidavit may be rebutted by clear and convincing evidence showing a genuine issue of fact that additional responsive records exist." *Frank* at ¶ 15.

{¶ 31} Based on Mobley's rebuttal evidence, we conclude that there is a genuine question of fact regarding whether the prosecutor provided Mobley with all the records that her office created to meet the requirements of former R.C. 309.16(A)(1) for the years 2016 through 2020.[2] We accordingly grant a limited writ of mandamus ordering the prosecutor to provide the records that her office created to meet the requirements of former R.C. 309.16(A)(1) and certify the date that those records are provided or to certify that the records do not exist. *See*

---

2. A footnote in the prosecutor's brief states, "In an effort to be transparent in the spirit of R.C. 149.43, respondent has * * * provided Relator with the reports he request[ed] for the first time in his merit brief." Because this statement is not in the form of a sworn affidavit, we do not factor it into our analysis. *See Frank*, 164 Ohio St.3d 552, 2021-Ohio-623, 174 N.E.3d 718, at ¶ 15.

*State ex rel. Sultaana v. Mansfield Corr. Inst.*, __ Ohio St.3d __, 2023-Ohio-1177, __ N.E.3d __, ¶ 43 (granting a limited writ of mandamus ordering a records custodian "to produce [the requested] records or to certify that no such records exist" because there were factual questions regarding whether the records existed); *State ex rel. Barr v. Wesson*, __ Ohio St.3d __, 2023-Ohio-3028, __ N.E.3d __, ¶ 29 (same).

### C. Statutory damages

**{¶ 32}** A requester who transmits by certified mail a fairly described public-records request to a public office is entitled to an award of statutory damages if a court determines that the public office failed to comply with an obligation under R.C. 149.43(B). R.C. 149.43(C)(2). "Statutory damages accrue at the rate of $100 for each business day the office failed to meet one of R.C. 149.43(B)'s obligations, beginning on the day the requester files a mandamus action, up to $1,000. R.C. 149.43(C)(2)." *Horton*, 167 Ohio St.3d 413, 2022-Ohio-205, 194 N.E.3d 288, at ¶ 15.

**{¶ 33}** Here, Clausing has acknowledged that Mobley sent his request by certified mail. And we have already determined that Mobley's request was sufficiently specific. Thus, the remaining question is whether, as Mobley argues, the prosecutor's office failed to meet its obligation to provide him with responsive records "within a reasonable period of time," R.C. 149.43(B)(1).

**{¶ 34}** We do not answer that question now. Because we are granting a limited writ of mandamus, we defer our ruling on Mobley's request for statutory damages until the prosecutor has complied with the limited writ. *See State ex rel. Barr v. Wesson*, __ Ohio St.3d __, 2023-Ohio-3645, __ N.E.3d __, ¶ 18 (deferring determination of whether statutory damages were appropriate until records custodian complied with the limited writ).

*D. Court costs*

**{¶ 35}** Mobley requests an award of court costs. But "there are no court costs to award," because he filed an affidavit of indigency, *State ex rel. Straughter v. Dept. of Rehab. & Corr.*, 172 Ohio St.3d 335, 2023-Ohio-1543, 223 N.E.3d 475, ¶ 16.

## III. CONCLUSION

**{¶ 36}** We deny the writ in part as moot. We grant a limited writ of mandamus ordering the prosecutor to, within 14 days, either provide Mobley with a copy of the records the prosecutor's office created to meet the requirements of former R.C. 309.16(A)(1) for the period 2016 through 2020 and certify the date that those records are provided or certify that the records do not exist. We defer our ruling on Mobley's request for an award of statutory damages until the prosecutor has complied with the limited writ. Mobley's request for an award of court costs is denied. And his motion for leave to file rebuttal evidence is granted in part and denied in part.

Limited writ granted.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

DETERS, J., not participating.

————————

Alphonso Mobley Jr., pro se.

Melissa A. Powers, Hamilton County Prosecuting Attorney, and James S. Sayre, Assistant Prosecuting Attorney, for respondent.

————————