[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mobley v. Powers*, Slip Opinion No. 2024-Ohio-3315.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-3315

THE STATE EX REL. MOBLEY *v*. POWERS, PROS. ATTY.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mobley v. Powers*, Slip Opinion No. 2024-Ohio-3315.]

*Public-record requests—Motion to proceed to judgment for statutory damages— Motion granted in part and statutory damages awarded.*

(No. 2023-0501—Submitted July 9, 2024—Decided September 3, 2024.)

IN MANDAMUS

————————————

The per curiam opinion below was joined by KENNEDY, C.J., and DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ. FISCHER, J., concurred in part and dissented in part and would not award statutory damages.

**Per Curiam.**

{¶ 1} In this original action, relator, Alphonso Mobley Jr., requested (1) a writ of mandamus directing respondent, Hamilton County Prosecutor Melissa

Powers (the "prosecutor" or "prosecutor's office"),[1] to produce records in response to a public-records request and (2) statutory damages under the Public Records Act, R.C. 149.43. We granted a limited writ ordering the prosecutor to either provide Mobley with a copy of the records that the prosecutor's office had created to meet the requirements of former R.C. 309.16(A)(1), Am.Sub,S.B. No. 198, 138 Ohio Laws, Part I, 683-684, for 2016 through 2020 or certify that the records do not exist. *State ex rel. Mobley v. Powers*, 2024-Ohio-104, ¶ 36. We deferred our determination of statutory damages until the prosecutor had complied with the limited writ. *Id.* at ¶ 34.

{¶ 2} The prosecutor has timely complied with the limited writ by certifying that the prosecutor's office provided to Mobley all the responsive records in the prosecutor's possession on April 20, 2023. Additionally, Mobley filed a motion and a revised motion asking us to proceed to judgment on the issue of statutory damages and to award him $600. We grant Mobley's revised motion in part and deny it in part and award $400 in statutory damages.

## I. FACTS AND PROCEDURAL HISTORY

### A. We Granted a Limited Writ

{¶ 3} On January 27, 2023, the prosecutor received Mobley's public-records request, which sought the certified statements created by the prosecutor under former R.C. 309.16 for 2016 through 2020 and the prosecutor's records-retention schedule. When Mobley did not receive a response to his request, he filed this mandamus action on April 14, 2023. On April 20, after Mobley filed his mandamus action, the prosecutor provided Mobley with records in response to his request.

---

1. Mobley named (now Justice) Joseph Deters, who was formerly Hamilton County prosecuting attorney, as the respondent in this case, but Justice Deters did not hold that office when Mobley filed his mandamus complaint. Because Powers held that office when Mobley filed his complaint—and still holds that office—we have automatically substituted her as the respondent. *See* S.Ct.Prac.R. 4.06(B).

**{¶ 4}** In our previous opinion, we concluded that Mobley's evidence tended to refute the prosecutor's claim that she had given Mobley everything he requested. *Mobley* at ¶ 18. Therefore, we issued a limited writ of mandamus ordering the prosecutor to either provide Mobley with a copy of the records the prosecutor's office created to meet the requirements of former R.C. 309.16(A)(1) for 2016 through 2020 and certify the date that those records were provided or certify that the records do not exist. *Id.* at ¶ 36. We deferred ruling on the issue of statutory damages until after the prosecutor complied with the limited writ. *Id.*

### B. The Prosecutor Complied with the Limited Writ

**{¶ 5}** After we granted the limited writ, the prosecutor's public information officer, Assistant Prosecuting Attorney Amy Clausing, attested that the records that she sent to Mobley on April 20, 2023, were the only responsive records in the prosecutor's possession. Clausing explained that the prosecutor's office does not retain copies of "the certified statements that are incorporated into the Hamilton County Board of County Commissioner minutes."

**{¶ 6}** However, Clausing attested that as a courtesy, she obtained from the board copies of the certified statements created to meet the requirements of former R.C. 309.16(A)(1) that the prosecutor had not retained and provided them to Mobley on August 21, 2023. The prosecutor has complied with the alternative writ by certifying that the additional records were not in her possession when she received Mobley's public-records request. Mobley then filed a motion on February 23, 2024, and a revised motion on April 8, 2024, requesting that this court proceed to judgment on the issue of statutory damages and award him $600.

### II. ANALYSIS

### A. Mobley Is Entitled to Statutory Damages

**{¶ 7}** A public-records requester shall be entitled to statutory damages if (1) he transmitted a written public-records request by hand delivery, electronic submission, or certified mail, (2) he made the request to the public office or person

responsible for the requested records, (3) he fairly described the records sought, and (4) the public office failed to comply with an obligation under R.C. 149.43(B). R.C. 149.43(C)(2). We have already determined that Mobley's request (1) was sent by certified mail, (2) was sent to the prosecutor, and (3) was sufficiently specific. *Mobley*, 2024-Ohio-104, at ¶ 2, 32-33. Accordingly, the only element left to decide is whether the prosecutor failed to comply with an obligation under R.C. 149.43(B).

**{¶ 8}** R.C. 149.43(B)(7)(a) requires a public office to "transmit a copy of a public record to any person by United States mail or by any other means of delivery or transmission within a reasonable period of time after receiving the request for the copy." The prosecutor received Mobley's public-records request on January 27, 2023. Mobley filed this mandamus action on April 14, 2023. On April 20, 2023, the prosecutor sent Mobley the office's records-retention schedule and the records that the prosecutor's office created to meet the requirements of former R.C. 309.16(A)(1) that were still in her possession. A records custodian does not have a duty to produce records that she no longer possesses. *State ex rel. Striker v. Smith*, 2011-Ohio-2878, ¶ 28.

**{¶ 9}** Whether a period of time is reasonable "depends upon all of the pertinent facts and circumstances," *State ex rel. Morgan v. Strickland*, 2009-Ohio-1901, ¶ 10, including the scope of a public-records request, the volume of responsive records, and whether redactions are necessary, *id.* at ¶ 12-16. We have previously held that "the absence of *any* response over a *two-month* period constitutes a violation of the 'obligation in accordance with division (B)' to respond 'within a reasonable period of time' per R.C. 149.43(B)(7)." (Emphasis in original.) *State ex rel. DiFranco v. S. Euclid*, 2014-Ohio-538, ¶ 21. However, when a large number of murder-investigation documents needed to be carefully redacted and the public office had provided initial responses to a public-records request, this court concluded that two months was a reasonable amount of time.

*State ex rel. Cincinnati Enquirer v. Pike Cty. Coroner's Office*, 2017-Ohio-8988, ¶ 3-5, 59.

{¶ 10} In this case, the public-records request was narrow and specific, only a few responsive records were in the prosecutor's possession, and the records did not need to be redacted. Clausing attested that it took her a while to locate the records because of staff turnover, but the delivery of the records was also significantly delayed because Clausing forgot to send the records once she located them.

{¶ 11} Given the circumstances here, the prosecutor's almost-three-month delay before sending Mobley the records responsive to his public-records request violated her statutory obligation under R.C. 149.43(B). Therefore, Mobley is entitled to statutory damages.

### B. The Amount of Statutory Damages

{¶ 12} Statutory damages accrue at $100 per day for each business day that the public office fails to comply with an obligation under R.C. 149.43(B). R.C. 149.43(C)(2). Mobley filed this mandamus action on April 14, 2023. Six days later, on April 20, 2023, Clausing sent Mobley (1) the certified statements created by the prosecutor's office to meet the requirements of former R.C. 309.16(A)(1) that the prosecutor's office still had in its possession and (2) the office's records-retention schedule. As of that date, the prosecutor was in compliance with R.C. 149.43(B).

{¶ 13} Six days elapsed between when Mobley filed this mandamus action and Clausing sent him the responsive records in the prosecutor's possession. Mobley argues in a revised motion to proceed to judgment that the court should therefore award him $600. However, only four of those days were business days; the other two were weekend days. Therefore, Mobley is entitled to $400 in statutory damages.

### III.  CONCLUSION

**{¶ 14}** Based on the foregoing, Mobley's revised motion to proceed to judgment is granted in part and denied in part, and we award statutory damages in the amount of $400 to Mobley.

Motion granted in part
and denied in part.

––––––––––––––––––

Alphonso Mobley Jr., pro se.

Melissa A. Powers, Hamilton County Prosecuting Attorney, and James S. Sayre, Assistant Prosecuting Attorney, for respondent.

––––––––––––––––––