**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Fenstermaker v. McConville*, Slip Opinion No. 2026-Ohio-530.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-530

THE STATE EX REL. FENSTERMAKER *v.* MCCONVILLE, PROS. ATTY.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Fenstermaker v. McConville*, Slip Opinion No. 2026-Ohio-530.]**

*Mandamus—Public-records requests—R.C. 2969.25's requirements do not apply to original actions filed in Supreme Court of Ohio—Existence of particular record in public office's records schedule does not necessarily mean that public office possesses that record—Mandamus claim regarding record produced by public office is moot, but relator is entitled to statutory damages because public office's failure to produce record for nearly three months constitutes a failure to produce within reasonable time—Writ denied, relator awarded $700 in statutory damages, and relator's request for court costs denied.*

(No. 2025-0090—Submitted September 16, 2025—Decided February 19, 2026.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and DEWINE,

BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ. FISCHER, J., concurred but would not award statutory damages.

**Per Curiam.**

{¶ 1} Relator, Tony Fenstermaker, an inmate at the Southeastern Correctional Institution, brings this public-records mandamus action against respondent, Knox County Prosecuting Attorney Charles McConville. Fenstermaker seeks a writ of mandamus compelling the prosecutor to produce public records requested by Fenstermaker and also seeks awards of statutory damages and court costs.

{¶ 2} In late 2024, Fenstermaker submitted a public-records request to the prosecutor seeking three categories of records: (1) certified statements for years 2016-2021, in accordance with R.C. 309.16; (2) the prosecutor's records-retention schedule; and (3) a cashbook or journal for years 2016-2022, in accordance with R.C. 2335.25. When the prosecutor failed to produce responsive records, Fenstermaker filed his complaint. Shortly after being served with the summons, the prosecutor responded to Fenstermaker's public-records request by providing the records-retention schedule and stating that the prosecutor did not have records responsive to the other two requests.

{¶ 3} For the reasons explained below, we deny as moot Fenstermaker's request for a writ of mandamus regarding the records-retention schedule, and we deny his request for mandamus relief regarding the certified statements and the cashbook. We award Fenstermaker $700 in statutory damages for the prosecutor's failure to produce the records-retention schedule within a reasonable time, but we deny Fenstermaker's request for court costs.

## I.  FACTS AND PROCEDURAL HISTORY

### A.  Fenstermaker's public-records request and the prosecutor's response

{¶ 4} Fenstermaker submitted a public-records request by certified mail to the prosecutor on October 29, 2024.  In his request, Fenstermaker sought paper copies of three categories of records: (1) "[c]ertified statements for years 2016-2021, pursuant to R.C. 309.16"; (2) a "[r]ecords retention schedule"; and (3) the "[c]ashbook or journal for years 2016-2022, pursuant to R.C. 2335.25."  Fenstermaker also requested that the prosecutor provide a reason if the requested records were not available.

{¶ 5} Fenstermaker's public-records request was received by the prosecutor's office on November 1.  The prosecutor admits that he did not respond to Fenstermaker's request until after Fenstermaker initiated this action.  According to the prosecutor's affidavit, he searched his public-records request file after he received the summons, discovered that no response was sent, and prepared a response.

{¶ 6} On January 30, 2025, the prosecutor sent a letter to Fenstermaker (1) stating that the prosecutor's office had no records responsive to Fenstermaker's request for reports made under R.C. 309.16 and noting that R.C. 309.16 was repealed in April 2023, (2) enclosing a copy of the Knox County prosecuting attorney's record-retention schedule, and (3) stating that the prosecutor's office does not keep a cashbook, because it does "not receive funds in relation to any cases in the Knox County Court of Common Pleas" and all monies are deposited with the Knox County clerk of courts.  The prosecutor also explained in his letter that the prosecutor's office does keep "records of money received for the office's law enforcement trust fund and furtherance of justice fund" and that those records are "available upon request."

{¶ 7} Fenstermaker admits that he received the records-retention schedule after he filed this action.

## B. Procedural background

{¶ 8} Fenstermaker filed this mandamus action on January 21, 2025. In his complaint, Fenstermaker alleges that the prosecutor violated the Public Records Act by failing to "promptly provide a paper copy of the records requested." Fenstermaker seeks a writ of mandamus compelling the prosecutor to provide the requested public records. He also seeks awards of statutory damages and "court costs and fines."

{¶ 9} On April 16, we ordered the prosecutor to answer the complaint and granted an alternative writ setting a schedule for the filing of evidence and briefs. 2025-Ohio-1313. The prosecutor filed an answer on April 29 and raised two defenses. First, that Fenstermaker's request for mandamus relief is moot because the prosecutor produced responsive records on January 30. And second, that Fenstermaker's complaint should be dismissed because his affidavit failed to comply with R.C. 2969.25.

{¶ 10} Both parties timely filed evidence and merit briefs. Fenstermaker did not file a reply brief. In his merit brief, Fenstermaker concedes that he received the prosecutor's response after he filed this action and that the response included the records-retention schedule that he sought. Fenstermaker maintains, however, that he is entitled to a writ of mandamus regarding his public-records requests for the certified statements for years 2016-2021 and the cashbook for years 2016-2022. Fenstermaker also asserts that he is entitled to statutory damages because the prosecutor failed to make the requested public records available "within a reasonable period," as required by R.C. 149.43(B)(1).

## II. ANALYSIS

{¶ 11} A writ of mandamus is an appropriate remedy to compel compliance with Ohio's Public Records Act, R.C. 149.43.[1] *State ex rel. Wells v. Lakota Local Schools Bd. of Edn.*, 2024-Ohio-3316, ¶ 11; R.C. 149.43(C)(1)(b). To obtain the writ, "the requester must prove by clear and convincing evidence a clear legal right to the record and a corresponding clear legal duty on the part of the respondent to provide it." *State ex rel. Griffin v. Sehlmeyer*, 2021-Ohio-1419, ¶ 10. If the relator cannot establish by clear and convincing evidence that the requested public records exist, a writ of mandamus will not issue. *See State ex rel. Lanham v. Smith*, 2007-Ohio-609, ¶ 15 ("Respondents have no duty to create or provide access to nonexistent records."), citing *State ex rel. Ohio Patrolmen's Benevolent Assn. v. Mentor*, 2000-Ohio-214, ¶ 37.

### A. R.C. 2969.25 does not require dismissal of the complaint

{¶ 12} As an initial matter, the prosecutor argues that Fenstermaker's complaint must be dismissed because Fenstermaker failed to comply with the mandatory requirements of R.C. 2969.25. That statute requires an inmate who files a "civil action or appeal against a government entity or employee" to also file an affidavit describing each civil action or appeal that the inmate has filed in the previous five years. R.C. 2969.25(A). If the inmate is seeking a waiver of the prepayment of filing fees, the inmate must additionally file an affidavit setting forth the balance in the inmate's account for the preceding six months and a statement of "all other cash and things of value owned by the inmate." R.C. 2969.25(C).

{¶ 13} While the prosecutor is correct that Fenstermaker failed to comply with these requirements, that failure has no effect here, because R.C. 2969.25 does not apply to Fenstermaker's action. R.C. 2969.21(B) expressly defines the term

---

1. The General Assembly has recently amended R.C. 149.43, most notably in 2024 Sub.H.B. No. 265 (effective Apr. 9, 2025), and some provisions have been renumbered. This opinion applies the version of the statute enacted in 2024 Sub.S.B. No. 29 (effective Oct. 24, 2024).

"[c]ivil action or appeal against a government entity or employee" to *exclude* a civil action commenced in this court. Thus, R.C. 2969.25 does not require dismissal of Fenstermaker's complaint, which was filed in this court as an original action. *See State ex rel. McDougald v. Greene*, 2018-Ohio-4200, ¶ 10.

**B. Fenstermaker's claim is moot regarding the records-retention schedule**

{¶ 14} The prosecutor argues in his merit brief that Fenstermaker's claim is moot because the prosecutor responded to Fenstermaker's public-records request on January 30, 2025, providing "copies of requested records and explanations of why some records were not available." The prosecutor is correct with respect to only the records actually provided to Fenstermaker.

{¶ 15} "In general, a public-records mandamus case becomes moot when the public office provides the requested records." *State ex rel. Martin v. Greene*, 2019-Ohio-1827, ¶ 7. The prosecutor submitted uncontroverted evidence indicating that he responded to Fenstermaker's public-records request by letter on January 30 and provided Fenstermaker with a copy of the Knox County prosecuting attorney's records-retention schedule. Fenstermaker concedes in his merit brief that he received the prosecutor's response and the records-retention schedule. Thus, Fenstermaker's claim for a writ of mandamus is moot regarding his public-records request for the records-retention schedule.

{¶ 16} However, the prosecutor did not provide records responsive to Fenstermaker's other two requests for public records. Consequently, Fenstermaker's claim for mandamus relief as it pertains to those requests is not moot.

**C. Fenstermaker has not shown that records responsive to his other public-records requests exist**

{¶ 17} We have repeatedly held that a public office or public-records custodian has no duty to produce a record that does not exist. *See, e.g., State ex rel. Scott v. Toledo Corr. Inst.*, 2024-Ohio-2694, ¶ 12; *Lanham*, 2007-Ohio-609, at

¶ 15. It is the relator's burden to prove, "by clear and convincing evidence, that the records [he] requested exist and are public records maintained by the [public] office." *State ex rel. Cordell v. Paden*, 2019-Ohio-1216, ¶ 8.

{¶ 18} In addition to the records-retention schedule, Fenstermaker requested from the prosecutor "[c]ertified statements for years 2016-2021, pursuant to R.C. 309.16." In his response, the prosecutor stated that his office "has no records responsive" to that request. Though Fenstermaker notes in his merit brief that he did not receive the certified statements, he makes no argument that the records exist, nor did he submit any evidence contradicting the prosecutor's evidence indicating that the records do not exist. Therefore, Fenstermaker has not carried his burden, and he is not entitled to a writ of mandamus compelling the prosecutor to produce the certified statements.

{¶ 19} Fenstermaker also requested a "[c]ashbook or journal for years 2016-2022, pursuant to R.C. 2335.25." The prosecutor responded that his office "does not keep a 'cashbook,'" because it does not "receive funds in relation to any cases in the Knox County Court of Common Pleas." Instead, the prosecutor stated that those monies are deposited with the Knox County clerk of courts.

{¶ 20} Fenstermaker implies in his merit brief that responsive records must exist because the records-retention schedule provided to him by the prosecutor "reflects at least four (4) accounts where the [prosecutor] receives money"—the "Furtherance of Justice Fund," the "Drug Enforcement Trust Fund," the "Law Enforcement Trust Fund," and "Delinquent Tax Collection."

{¶ 21} The prosecutor stated in his response to Fenstermaker's public-records request that his office does keep a record of moneys received for the "law enforcement trust fund" and "furtherance of justice fund" and that those records are "available upon request." But this does not help Fenstermaker, because Fenstermaker did not request an accounting of the law-enforcement-trust fund, the furtherance-of-justice fund, or any other funds that he asserts the prosecutor

maintains.  Rather, he requested a "cashbook" kept as required by R.C. 2335.25 for years 2016-2022, which the prosecutor stated does not exist.  The records-retention schedule submitted as evidence in this case does not mention a "cashbook" or R.C. 2335.25.  And even if it did, we have previously held that "the existence of a particular records schedule at a public office does not necessarily mean that the public office has records encompassed by that schedule," *State ex rel. Mobley v. Bates*, 2024-Ohio-2827, ¶ 9; *see also State ex rel. Mobley v. Witt*, 2025-Ohio-868, ¶ 13 ("The references to the recording of deposits received by the prosecutor or receipts or expenditures in the records-retention schedule . . . are not clear and convincing evidence that the prosecutor maintained a cashbook for the years requested.").

{¶ 22} Fenstermaker has not carried his burden of showing that the records he requested exist and are maintained by the prosecutor.  We therefore deny his request for mandamus relief with respect to the certified statements for years 2016-2021 and the cashbook for years 2016-2022.

### D.  Statutory damages and court costs

{¶ 23} Although Fenstermaker's public-records request for the records-retention schedule is moot, his claim for statutory damages regarding that record is not moot.  *Martin*, 2019-Ohio-1827, at ¶ 7-8.  Fenstermaker argues in his merit brief that he is entitled to statutory damages because the prosecutor "failed to provide the requested public record within a reasonable time contrary to R.C. 149.43(B)."

{¶ 24} A public-records requestor is entitled to statutory damages if the requestor transmits a request by certified mail to the public office or person responsible for the requested public records "fairly describ[ing] the public record" sought, and the public office or person responsible fails to comply with an obligation imposed by R.C. 149.43(B).  R.C. 149.43(C)(2); *State ex rel. Ayers v. Sackett*, 2025-Ohio-2115, ¶ 30.  And R.C. 149.43(B)(1) requires that copies of the

records be produced in a reasonable time. "Statutory damages will be awarded when a public-records custodian takes an unreasonable length of time to produce the requested records," regardless of the "good or bad faith of the public-records custodian." *State ex rel. Ware v. Akron*, 2021-Ohio-624, ¶ 18.

{¶ 25} There is no dispute that Fenstermaker made his public-records request by certified mail to a public office, that his request fairly described the records-retention schedule, and that nearly three months elapsed between the prosecutor's receiving the request—November 1, 2024—and the prosecutor's response to Fenstermaker—January 30, 2025. Thus, the only question is whether that three-month delay was reasonable. *See State ex rel. Mobley v. Powers*, 2024-Ohio-104, ¶ 33.

{¶ 26} Because the statute does not define "reasonable period of time," we have stated that what constitutes a reasonable time "depends upon all the pertinent facts and circumstances." *State ex rel. Cincinnati Enquirer v. Deters*, 2016-Ohio-8195, ¶ 23. The circumstances that we consider include "the scope of a public-records request, the volume of responsive records, and whether redactions are necessary." *State ex rel. Mobley v. Powers*, 2024-Ohio-3315, ¶ 9, citing *State ex rel. Morgan v. Strickland*, 2009-Ohio-1901, ¶ 12-16. We have found that when a public-records request is "narrow and specific" and the public office possesses "only a few responsive records" that do not require redaction, a nearly three-month delay constitutes a violation of the public office's statutory obligation under the Public Records Act. *Id.* at ¶ 10-11.

{¶ 27} Here, Fenstermaker's public-records request encompassed three categories of records. Two did not exist and the third comprised a single record. The "volume of responsive records" therefore consisted of one document. The prosecutor does not argue that the records-retention schedule was difficult to locate or that any review was required. Indeed, the evidence demonstrates that once the prosecutor was apprised of Fenstermaker's complaint, the prosecutor located the

records-retention schedule, determined that the remaining records did not exist, and mailed a response in two days. And as evidenced by the produced document itself, no redaction was necessary. Under these circumstances, we conclude that the prosecutor's failure to respond or provide Fenstermaker the records-retention schedule for nearly three months is a failure to provide responsive records "within a reasonable period of time," as required by R.C. 149.43(B)(1).

**{¶ 28}** Statutory damages are set at $100 for each business day "'during which the public office or person responsible for the requested public records failed to comply with an obligation'" under R.C. 149.43(B), starting from the day on which the requester filed a mandamus action, with a maximum award of $1,000. *Ayers*, 2025-Ohio-2115, at ¶ 30, quoting R.C. 149.43(C)(2). In this case, Fenstermaker filed his mandamus action on January 21, 2025, and the prosecutor responded by mailing the records-retention schedule on January 30. Because the prosecutor failed to comply with an obligation under the Public Records Act for seven business days, we award Fenstermaker $700 in statutory damages.

**{¶ 29}** Although Fenstermaker also seeks an award of court costs, there are no court costs to award, because Fenstermaker filed an affidavit of indigency. *See Powers*, 2024-Ohio-104, at ¶ 35, citing *State ex rel. Straughter v. Dept. of Rehab. & Corr.*, 2023-Ohio-1543, ¶ 16. We therefore deny Fenstermaker's request for court costs.

### III. CONCLUSION

**{¶ 30}** For the foregoing reasons, we deny Fenstermaker's request for a writ of mandamus and his request for court costs, and we award Fenstermaker $700 in statutory damages.

Writ denied.

_____

Tony Fenstermaker, pro se.

Charles T. McConville, Knox County Prosecuting Attorney, and Tonia R.

Pever, Assistant Prosecuting Attorney, for respondent.

———————————————